UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEFAN JUHOS,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | No. EDCV 13-1134 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff seeks to overturn the decision of the Commissioner of the Social Security Administration denying his application for Social Security Insurance benefits. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld.  *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).  However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied.  *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

## CONTENTIONS

Plaintiff raises one issue:

1. Whether the ALJ properly considered plaintiff's mental impairments to be non-severe.

## DISCUSSION

"An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on [a claimant's] ability to work.'"  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing Social Security Ruling 85-28 and *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)); 20 C.F.R. §§ 404.1521(a), 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities").  Where there is a colorable claim[1] of a mental impairment, the ALJ must evaluate the impairment by

---

[1] A claim is "colorable" if it is not "wholly insubstantial, immaterial, or frivolous."  *Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir.2001) (citations omitted). By finding that plaintiff suffered from a medically determinable mental impairment
(continued...)

following specific steps set forth in the Social Security regulations.  20 C.F.R. §§ 404.1520a(a), 416.920a(a).  First, the ALJ must determine whether the claimant has a "medically determinable impairment."  If the ALJ finds an impairment, he must set forth the evidence substantiating the presence of the impairment. 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1).

Here, the ALJ referred to the medical assessment that plaintiff suffers from depression.  (*See* AR 13.)

Second, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function:  (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation.  20 C.F.R. §§ 404.1520a(c)(2)-(4), 416.920a(c)(2)-(4).  In evaluating the first three areas, the ALJ must use a five-point scale ("[n]one, mild, moderate, marked, and extreme").  *Id.* at §§ 404.1520a(c)(4), 416.920a(c)(4).  In rating the episodes of decompensation, the ALJ must use a four-point scale ("[n]one, one or two, three, four or more").  *Id.*

Here, the ALJ referred to the medical opinion of the consultative examining psychiatrist, Dr. Smith, in finding no limitations in the first three areas and no episodes of decompensation.  The Court finds no error in this analysis

Third, after rating the degree of functional limitation, the ALJ must determine the severity of the mental impairment, based, *inter alia*, on the ratings given in the functional areas.  20 C.F.R. §§ 404.1520a(d), 416.920a(d).  Based on the finding of no limitations and no episodes of decomposition, the ALJ found the impairment to be non-severe.  (AR 14; *see* 20 CFR 416.920a(d)(1).)  Thus, the ALJ properly found that plaintiff's mental impairment is not severe.

---

[1](...continued)
(AR 25), the ALJ impliedly found that plaintiff's claim of mental impairment was "colorable."

Plaintiff argues, however, that additional medical information regarding plaintiff's 2010 suicide attempt that was not available to the ALJ requires additional review. Although the material referenced by plaintiff confirms the attempt, nothing in the report itself contradicts anything the consulting psychiatrist, Dr. Smith, learned from plaintiff himself during the examination. Plaintiff reported that he cut himself and waited but that he did not bleed very much. (AR 199.) The emergency responder noted that plaintiff was in "mild distress," alert, and oriented when the responder arrived. (AR 263.) The responder further noted that plaintiff "d[id] not meet Trauma Triage Criteria." (*Id.*) Nothing in the additional records casts any doubt on the ALJ's analysis. Therefore, remand is not required.

## CONCLUSION

For the foregoing reasons, the judgement of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: November 17, 2014

       /S/ FREDERICK F. MUMM
       FREDERICK F. MUMM
       United States Magistrate Judge